```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         COLUMBIA DIVISION
```

MARAIUS KING,                   )
                                )
        Plaintiff               )
                                )       No. 1:13-00020
v.                              )       Senior Judge Haynes/Brown
                                )       **Jury Demand**
ENOCH GEORGE, *et al.*,         )
                                )
        Defendants              )

**TO:    THE HONORABLE WILLIAM J. HAYNES, JR.**

## REPORT AND RECOMMENDATION

Presently pending in this case is the Defendants' motion to dismiss (Docket Entry 37) and a memorandum in support of the motion (Docket Entry 38) and the Defendants' motion to compel the Plaintiff to respond to written discovery (Docket Entry 40). As of the date of this Report and Recommendation, the Plaintiff has filed no response to the motion to dismiss. For the reasons stated below, the Magistrate Judge recommends that the motion to dismiss (Docket Entry 37) be **GRANTED** and the motion to compel (Docket Entry 40) be **TERMINATED** as moot.

## BACKGROUND

The Plaintiff filed his complaint on March 15, 2013, against Sheriff Enoch George and Lieutenant Debra Wagonschutz in both their official and individual capacities. The factual portion of the complaint alleges that:

> Under the Eighth Amendment it requires the state to furnish incarcerated felons with reasonably adequate food, clothing, shelter, sanitation, medical care and personal safety. *Gibbs v. Bradley*, F.Supp. 496 M.D. Tenn 1993. Failure to provide prisoners with clean bedding,

> towels, clothing and sanitary mattresses, as well as toilet articles is also a violation. Not to mention our constitutional rights, the double celling inmates in crowded conditions. Confinement of any inmate for more than one week's duration in a cell not equipped with hot water. Failure to maintain minimum sanitary conditions in the food storage, preparation and service areas. Confinement of inmates in buildings unfit for human habitation. The failure to adequately protect inmates from the likelihood of violent attack. The confinement of inmates in segregation status for more than one week without any opportunity for physical exercise. Prisoners must be afforded sufficient opportunities for physical exercise to maintain proper health. Likewise undue restrictions on prisoners opportunities for physical exercise may constitute cruel and unusual punishment in violation of this amendment when they pose an unreasonable threat to the prisoners' physical and mental health. I entered Maury Co. jail October 25, 2012 and while serving my time and waiting to resolve my case, I have been a victim to the things I have presented to you.

(Docket Entry 1, p. 5). Proceedings in this case were stayed for a time, based on a motion (Docket Entry 18) of the Defendants for a stay pending the resolution of five other cases involving jail conditions at Maury County. From a review of the docket sheets of the five cases cited, it appears that three of them were resolved by a jury verdict in favor of the Defendants and two were voluntarily dismissed with prejudice by the Plaintiffs. Following resolution of these cases, the stay was lifted (Docket Entry 29) and the Plaintiff was sent a *pro se* information sheet intended to provide the Plaintiff with a brief summary of the procedures and rules governing pretrial and trial proceedings. In this information sheet, the Plaintiff was specifically cautioned that failure to respond or oppose a dispositive motion could be interpreted to mean that the Plaintiff did not oppose the motion.

Following the Defendants' motion to dismiss (Docket Entry 37), the matter was referred to the undersigned for necessary pretrial proceedings and to recommend a disposition for any motion filed under Rules 12, 15, 56 and 65 of the Federal Rules of Civil Procedure (FED. R. CIV. P.)(Docket Entry 41).

**STANDARD OF REVIEW**

> Under [FED. R. CIV. P.] 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atl. Corp. v. Twombly*] . . . , the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp.*, 550 U.S. at 557. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp.*, 550 U.S. at 556 . . . . Two working principles underlie our decision in [*Bell Atl. Corp. v. Twombly*]. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Bell Atl. Corp.*, 550 U.S. at 555 . . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Bell Atl. Corp.*, 550 U.S. at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense . . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Ashcroft v. Iqbal,* 556 U.S. 662, 677-79 (2009) (citing FED. R. CIV. P. 8(a)(2)).

**LEGAL DISCUSSION**

Despite a caution by the District Judge, the Plaintiff has failed to respond to the motion to dismiss and, accordingly, the Magistrate Judge may take the motion as unopposed. Nevertheless, since granting the motion would be a final disposition of the case, the Magistrate Judge has reviewed the matter to insure that there is a proper basis for the motion inasmuch as the Defendants bear the burden of establishing that a valid claim is not stated.

The Magistrate Judge has reviewed the motion and memorandum of the defendants and finds that it is a correct summary of the law and the facts in this case.

Claims against the two Defendants in their official capacities, are in fact, claims against Maury County. The County cannot be held vicariously liable under 42 U.S.C. § 1983 for constitutional torts allegedly committed by its employees based on the doctrine of *respondeat superior*. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1968).

The Plaintiff's complaint does not claim that the conditions he complained of were the result of a policy of Maury County or the Defendants.

4

The Defendants in their individual capacities are entitled to qualified immunity because the Plaintiff has not alleged that the Defendants were personally involved in any of the events alleged in the complaint. A defendant can be liable for violation of the constitutional rights of a plaintiff when a reasonable person would know that their conduct constituted such a violation. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").

Plaintiff, as originally noted in the initial review of the complaint, has alleged violations which are reasonably construed to allege a violation of a constitutional right. *Anderson v. Creighton*, 483 U.S. 685 (1987). However, to hold the Defendants in this case individually liable, the Plaintiff must show some individual action by the Defendants. *Respondeat superior* is not a proper basis for liability in § 1983 cases. *McQueen v. Beecher Community Schools*, 433 F.3d 460, 470 (6th Cir. 2006). The Plaintiff must allege facts that could lead to the conclusion that the Defendants were personally involved in any conduct that violated his constitutional rights. A careful reading of the factual basis of the Plaintiff's complaint fails to disclose such allegations.

5

The Plaintiff's complaint is long on conclusions and short on factual allegations related specifically to him. The concluding statement that "I have been a victim to the things I have presented to you" gives no specifics that he has been subject to a physical attack, that he has been denied physical exercise or medical treatment, or that any of the unsanitary conditions he complains of have resulted in injuries to him. Even to the extent that the complaint can be liberally read to allege a matter that directly involved him, he does not present factual allegations which show that the overcrowding, lack of hot water, or lack of exercise are atypical of prison conditions. *Farmer v. Brennan* 511 U.S. 825, 834 (1944). Totally lacking from the Plaintiff's allegations is any allegation that the Plaintiff suffered a physical injury from any of the conditions he complains of. While the physical injury need not be significant, it must be more than *de minimis* for the claim to be pursued. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Goforth v. Sumner Cnty.*, No. 3:13 CV 417, 2013 WL 1943020, at *2 (M.D. Tenn. May 9, 2013). Therefore, the Plaintiff fails to state a claim against the Defendants in their individual capacities.

Since the Plaintiff has not established a claim against the Defendants individually, to the extent that the suit against the Defendants in their official capacities is a suit against Maury County, Plaintiff also fails to state a valid claim against Maury County itself. The County cannot be liable if its individual

officers are not liable. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1982).

While the Plaintiff's complaint survived an initial review, once the matter has been challenged through a motion to dismiss, the Plaintiff must respond or risk the motion being granted. The Plaintiff could have responded by pointing out legal errors in the Defendants' motion, or to the extent that the Defendants raise issues about the sufficiency of the pleading, under F̲ED̲. R. C̲IV̲. P. 15(a)(1)B, Plaintiff could have amended his pleadings to allege more specific facts showing either personal involvement of the Defendants or to show a customary policy of the Sheriff's Department to violate the Constitution, or to show what activities were personally directed towards him and what injuries or harm he suffered as opposed to the prison population in general. Ultimately, Plaintiff failed to respond.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the motion to dismiss (Docket Entry 37) be granted and that the motion to compel (Docket Entry 40) be terminated as moot.

Under F̲ED̲. R. C̲IV̲. P. 72(b), any party has fourteen (14) days from service of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. F̲ED̲. R. C̲IV̲. P. 72(b). Any

party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report and Recommendation within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155, *reh'g denied*, 474 U.S. 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 27th day of April, 2015.

/s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge